UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LE'NETTA W. STONE,

    Plaintiff,

                                                 Civil Action No. 13-12957

v.

                                                 HONORABLE DENISE PAGE HOOD

SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY,

    Defendant.

_____/

**ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

    On July 9, 2013, Plaintiff Le'Netta W. Stone filed the instant suit against Defendant Secretary of the Department of Homeland Security alleging discrimination and seeking review of the Final Order of the Merit Systems Protection Board ("MSPB"). The Court granted Plaintiff's Application to Proceed Without Prepaying Fees and Costs. This matter is before the Court on Defendant's Motion to Dismiss under Rule 12(b)(6) of the Rules of Civil Procedure claiming Plaintiff failed to timely file her action with the Court. Plaintiff responds that her claim was timely filed.

    Judicial review of decisions by the MSPB "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action ..." 5 U.S.C. § 7703(b)(2). Plaintiff asserts in her Complaint that "[t]he MSPB

decision was received on June 7, 2013." (Comp., ¶ 7) The Complaint is dated July 3, 3013 (sic). The Request for Service by U.S. Marshal is dated July 3, 2013. The cover sheet and the application to proceed without prepaying fees are dated June 29, 2013. The Complaint was filed and entered with this Court on July 9, 2013.

Rule 6 of the Rules of Civil Procedure sets forth how time is computed. Fed. R. Civ. P. 6(a). The date triggering the event, here June 7, 2013, is excluded. Fed. R. Civ. P. 6(a)(1)(A). Computing the time then begins on June 8, 2013 and 30 days from June 8, 2013 is July 7, 2013, a Sunday. Every day, including intermediate Saturdays, Sundays and legal holidays are included in the count, but if the last day of the period is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Civ. P. 6(a)(1)(B) and (C). The 30 day period then ends on Monday, July 8, 2013. The Complaint filed on July 9, 2013 is untimely.

Rule 5(d) provides that a paper is filed by delivering it to the clerk. Fed. R. Civ. P. 5(d)(2)(A). Filing is effectuated upon delivery to the clerk and is only complete upon the clerk's actual and physical receipt of the complaint. *See Torras Herreria v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir. 1986). Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline. *Id.* The doctrine of equitable tolling does not apply to MSPB claims under 5 U.S.C. §

7703(b)(2).  *Johnson v. United States Postal Service,* 64 F.3d 233, 238 (6th Cir. 1995).

Plaintiff asserts she mailed the packet on July 5, 2013, and that the Court should have received the Complaint on July 8, 2013.  Plaintiff speculates that the Complaint was not processed until July 9, 2013 and that if the Complaint was filed on the day it was received on July 8, 2013, the filing of the Complaint would have been timely.  There is no evidence that Plaintiff's Complaint was received on July 8, 2013 by the clerk's office or that the packet was received by the clerk through the mail.  Reviewing the parties' submissions and arguments, the Court finds that Plaintiff's Complaint seeking review of the MSPB decision was late by one day.  The Court has no authority to apply the equitable tolling doctrine since the doctrine does not apply to MSPB claims.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss **(Doc. No. 13)** is GRANTED.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

S/Denise Page Hood                              
Denise Page Hood  
United States District Judge

Dated:  September 29, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2014, by electronic and/or ordinary mail.

       S/LaShawn R. Saulsberry
       Case Manager